USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/21/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

 - v. -

JORGE JUVIER,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CONSENT ORDER OF INTERLOCUTORY SALE OF REAL PROPERTY**

13 Cr. 857 (KMW)

WHEREAS, on or about November 4, 2013, JORGE JUVIER (the "Defendant"), was charged in an information, 13 Cr. 857 (KMW) (the "Information"), with conspiracy to commit healthcare fraud in violation of Title 18, United States Code, Section 1349 (Count One);

WHEREAS, on or about January 21, 2015, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States a sum of money equal to $12,233,292.23 in United States currency and all of the Defendant's right, title and interest in the following specific property:

> All that lot or parcel of land, together with appurtenances, improvements, fixtures, attachments, and easements, located at 3731 N. Country Club Drive, Unit 1123, Aventura, FL 33180

(the "Specific Property");

WHEREAS, on or about June 14, 2016, the Court entered a Consent Preliminary Order of Forfeiture, imposing a money judgment against the Defendant in the amount of $12,233,292.23 (the "Money Judgment") and forfeiting all of Defendant's right, title and interest in the Specific Property to the Government (D.E. 55);

1

WHEREAS, on or about September 7, 2018, Defendant's wife, Carmen Juvier ("Petitioner") brought a Petition for Adjudication of Interest pursuant 21 U.S.C. § 853(n) asserting an interest in the Specific Property (the "Petition") (D.E. 62);

WHEREAS, the Specific Property is titled in the name of Defendant and Petitioner;

WHEREAS, there are monthly home owner association fees for the Specific Property in the amount of approximately $914 per month ("Common Charges");

WHEREAS, there is a monthly capital improvement assessment associated with the Specific Property in the amount of approximately $302 per month (the "Assessment"); and

WHEREAS, the Government and Petitioner have agreed to the interlocutory sale of the Specific Property before the conclusion of this matter in order to preserve the value of the Specific Property pending a final order of forfeiture;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED THAT, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney, Tara La Morte, of counsel, and Petitioner, pro se, that:

1. The Petitioner is authorized to sell the Specific Property in a commercially feasible manner to achieve the highest possible sale price for the Specific Property, which shall involve the listing of the Specific Property listed with a licensed real estate broker. The United States, or its designee, may, in its sole discretion, reject any offer to purchase the Specific Property for insufficient value, or where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

2. Prior to listing the Specific Property, the Petitioner shall provide an appraisal of the Specific Property to the Government. The Government shall have the option of

providing their own appraisals for the Specific Property to the Petitioner prior to determining a listing price for the Specific Property.

3. Upon the receipt of an offer from a potential buyer for the Specific Property, the Petitioner shall provide notice of such offer to the Government.

4. Until the sale of the Specific Property, the Petitioner agrees to pay the Common Charges and Assessment as they accrue from the date of entry of this Consent Order of Interlocutory Sale of Real Property (the "Interlocutory Order") to the date of sale.

5. In the event the Petitioner succeeds in selling the Specific Property, the Government agrees to reimburse the Petitioner for fifty percent of the total amount paid by Petitioner for the Common Charges and Assessment that accrue from the date of entry of this Consent Interlocutory Sale Order and the date of sale of the Specific Property (the "Reimbursement Amount").

6. The net proceeds for the sale of the Specific Property will include all moneys realized from the sale of the Specific Property, except for the following:

    a. Any outstanding mortgages;
    b. Real estate commissions, fees;
    c. Any other real estate, property, transfer, association or other tax, which is due and owing at the time of the sale;
    d. Insurance costs;
    e. Escrow fees;
    f. Title fees;
    g. County transfer fees;
    h. Legal fees;
    i. Environmental Control Board judgments; and
    j. Final water meter bill.

(hereinafter, the "Net Proceeds");

7. Upon the sale of the Specific Property, the Government shall receive fifty

3

(50) percent of the Net Proceeds (the "Government's Share").

8. The Reimbursement Amount shall be deducted from the Government's Share and shall be turned over to the Petitioner at the closing of the Specific Property.

9. The remaining amount of the Government's Share, after deducting the Reimbursement Amount, shall be deposited in the United States Department of the Treasury's Suspense Account pending the resolution of this matter (the "Forfeitable Proceeds").

10. The Petitioner withdraws the Petition and any assertion of interest in the Forfeitable Proceeds and consents to the Government obtaining a final order of forfeiture forfeiting the Forfeitable Proceeds to the Government.

11. The Defendant shall, upon the entry of this Consent Order of Interlocutory Sale of Real Property ("Interlocutory Order"), take all usual and customary steps to sell the Specific Property in accordance with all laws and procedural rules applicable to such sale, with a purpose to effect actual sale within 180 days from the date thereof.

12. In the event the Defendant fails to secure a contract of sale within 180 days and provided the Government does not consent to extend this time period, the Government is authorized to assume responsibility for the sale of the Specific Property. The Government has complete and unfettered authority to determine whether to extend the Defendant's time period to sell the Specific Property beyond 180 days from entry of this Interlocutory Order.

13. The Forfeitable Proceeds from the sale of the Specific Property and any and all income or interest accrued thereon, shall be the substitute *res* for the Specific Property (the "Substitute Res") and will serve as a substitute res for the Specific Property in the above-captioned case, with all claims and defenses applicable to the Specific Property, including any other action

that may be brought by the United States Attorney's Office ("USAO") for forfeiture of the Specific Property or claims by third parties, to apply instead to the Substitute Res.

14. In furtherance of the interlocutory sale the parties agree to execute promptly any documents which may be required to complete the interlocutory sale of the Specific Property.

15. The Defendant shall maintain the Specific Property in the same condition as the Specific Property is currently in, and shall not remove, destroy, alienate, transfer, detract from, remodel, or alter in any way, the Specific Property or any fixture, which is part of the Specific Property, reasonable wear and tear excepted.

16. This Interlocutory Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Interlocutory Order. Signature pages may be by fax or transmitted electronically, and such signatures shall be deemed to be valid originals.

17. This Interlocutory Order constitutes the complete agreement between the parties hereto and may not be amended except by written consent thereof.

18. The parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Interlocutory Order.

19. Each party agrees to bear its costs and attorneys' fees.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

20. The Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this Interlocutory Sale Order.

STIPULATED TO:

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
United States of America

By: _____        5/20/2024
    Tara La Morte                          DATE
    Assistant United States Attorney
    26 Federal Plaza
    New York, New York 10278
    (212) 637-1041


CARMEN JUVIER

By: _____        _____
    Carmen Juvier                          DATE
    Pro Se


SO ORDERED:


_____             _____
HONORABLE KIMBA M. WOOD                    DATE
UNITED STATES DISTRICT JUDGE

6

20. The Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this Interlocutory Sale Order.

STIPULATED TO:

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
United States of America

By: _____          _____
    Tara La Morte                                                         DATE
    Assistant United States Attorney
    26 Federal Plaza
    New York, New York 10278
    (212) 637-1041

CARMEN JUVIER

By: *(signed)* Carmen Juvier                                    5-14-24
    Carmen Juvier                                                     DATE
    Pro Se

SO ORDERED:

*(signed)* Kimba M. Wood                                        5/21/24
HONORABLE KIMBA M. WOOD                           DATE
UNITED STATES DISTRICT JUDGE

6