USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/17/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -v.-

JORGE JUVIER,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**FINAL ORDER OF FORFEITURE**

13 Cr. 857 (KMW)

WHEREAS, on or about June 14, 2016, this Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of Forfeiture") (D.E. 55), which ordered the forfeiture to the United States of all right, title and interest of JORGE JUVIER (the "Defendant") in the following property:

    i.    All that lot of parcel of land, together with appurtenances, improvements, fixtures, attachments, and easements, located at 3731 N. Country Club Drive, Unite 1123, Aventura FL 33180;

(the "Specific Property");

WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of

the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property was posted on an official government internet site (www.forfeiture.gov) beginning on August 16, 2018, for thirty (30) consecutive days, through September 14, 2018, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on October 17, 2018 (D.E. 66);

WHEREAS, on or about September 7, 2018, Defendant's wife, Carmen Juvier ("the Petitioner"), filed a Petition for Adjudication of Interest pursuant 21 United States Code, Section 853(n), in which she asserted an interest in the Specific Property (the "Petition") (D.E. 62);

WHEREAS, on or about May 21, 2024, the Court entered a Consent Interlocutory Sale of Real Property (D.E. 78) wherein (i) the Petitioner was authorized to sell the Specific Property; (ii) fifty percent of the sale proceeds, minus the deduction of certains expenses, would be turned over to the Government (the "Government's Share"); and (iii) the Government's Share would serve as a substitute *res* for the Specific Property with all claims of interest against the Specific Property to apply to the Government's Share instead; and (iv) the Petitioner withdrew any claim of interest in the Government's Share and agreed to not contest its forfeiture;

WHEREAS, on or about March 6, 2025, the Specific Property was sold and the Government received the Government's Share, specifically, $128,145 in United States currency (the "Forfeitable Proceeds");

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Specific Property, other than the Petition, have been filed;

WHEREAS, the Defendant and Petitioner are the only individuals and/or entities known by the Government to have a potential interest the Forfeitable Proceeds; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Forfeitable Proceeds is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Forfeitable Proceeds.

3. The Department of Treasury (or its designee) shall take possession of the Forfeitable Proceeds and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
March 13, 2025

SO ORDERED:

_____
HONORABLE KIMBA M. WOOD
UNITED STATES DISTRICT JUDGE